Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1250 | **DATE** | 9/10/2003 |
| **CASE TITLE** | The Bethine W. Alberding Estate Administration Trust vs. Vinoy Park Hotel Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ■ | Status hearing set for 9/24/03 at 11:00AM. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Vinoy's motion to transfer venue is denied. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 1 5 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 11 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| JD | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| THE BETHINE W. ALBERDING ESTATE ADMINISTRATION TRUST, by C.T. Moore as trustee,<br><br>    Plaintiff,<br><br>v.<br><br>VINOY PARK HOTEL COMPANY, a Florida Corporation<br><br>    Defendant. | 03 C 1250<br><br>Judge George M. Marovich |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bethine W. Alberding Estate Administration Trust (the "Trust") filed a one-count complaint for breach of contract against Vinoy Park Hotel Company (the "Vinoy"). The Trust alleges breach of an Installment Note (the "Note") and seeks to recover damages. Vinoy filed a motion to transfer venue to the Middle District of Florida. For the reasons set forth below, the motion is denied.

## BACKGROUND

The Trust is an Illinois trust, with its principal place of business in Chicago, Illinois. Vinoy is a registered Florida corporation with its principal place of business in Phoenix, Arizona. On December 22, 1997, Vinoy and the Trust entered into an agreement, which resulted in the execution of the Note. The

terms of the Note required payments by Vinoy to the Trust equaling $2,324,066.55 in principal and $13,556.70 in interest. Monthly payments of $20,600 were due on the twenty-second day of every month, beginning in January, 1998. Payments were to be made to 16400 Gulf Blvd., Reddington Beach, Florida and were to continue until December 22, 2002, when the balance of $2,337,563.25 was due. The Note included an option for the Trust to request in writing for payments to be made to a different address, which the Trust took advantage of on several occasions.

Vinoy complied with the terms of the Note for all monthly payments, except the December 22, 2002 final payment of $2,337,563.25. On December 24, 2002, the Trust notified Vinoy in writing, through its president in Phoenix, Arizona, that payment was past due and that immediate payment was needed. However, Vinoy did not tender payment to the Trust. Therefore, the Trust filed this lawsuit for breach of contract in the Northern District of Illinois.

## DISCUSSION

Pursuant to 28 U.S.C. 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Raddenbach v. Soo Line R.R. Co., No. 99 C 2588, 1999 WL 984393, 1 (N.D. Ill. Oct. 25, 1999). Thus, there are three factors the Court must apply in

determining this motion to transfer: (1) whether venue is proper in both the transferor and transferee courts; (2) whether transfer is for the convenience of parties and witnesses; and (3) whether transfer is in the interest of justice. Id. It is within the sole discretion of the judge to determine the weight accorded to each factor. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

I. Venue in the Transferor and Transferee Courts

Here, federal jurisdiction is alleged solely on the basis of diversity of citizenship. Therefore, venue is proper in a judicial district: (1) where all plaintiffs or all defendants reside; or (2) in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. 1391(a); Midwest Precision Services Inc. v. PTM Industries Corp., 574 F. Supp. 657, 659 (C.D. Ill. 1983).

For a corporation, venue is proper in its state of incorporation, in any state which it is licensed to do business, and in any state where it is doing business. 28 U.S.C. 1391(c). The Trust, the sole plaintiff, is an Illinois trust with its principal place of business in Illinois. Vinoy, the only defendant, is a Florida corporation, with its principal place of business in Phoenix, Arizona. The events giving rise to this claim occurred in both Florida and Illinois. Therefore, venue is proper in both the transferor court (Northern District of

3

Illinois) and in the transferee court (Middle District of Florida).

II. Convenience of the Parties and Witnesses

Next, this Court considers the effect that transferring this matter would have on the convenience of the parties and the witnesses. When weighing the conveniences, the court should consider five factors: (1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses. Amoco v. Mobil, 90 F. Supp.2d 958, 960 (N.D. Ill. 2000). Also, the movant bears the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient. Raddenbach, at *1.

A. Plaintiff's Choice of Forum

Generally, the plaintiff's choice of forum is entitled to substantial weight, especially when it is a plaintiff's home forum. Sky Valley Ltd. Partnership v. ATX Sky Valley, Ltd., 776 F. Supp. 1271, 1276 (N.D. Ill. 1991). "However, the weight given to a plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim." Von Holdt v. Husky Injection Molding Systems, Ltd., 887 F. Supp. 185,188 (N.D. Ill. 1995). Here, the Trust has resided in Chicago, Illinois, since 1989. Its president, C. Moore Tucker, although a Florida resident,

4

periodically travels to Chicago, Illinois for personal and business reasons. This factor weighs heavily against transfer, since the Northern District of Illinois is the Trust's choice of forum and also its home forum.

B. Situs of the Material Events

This Court also must determine the situs of the material events that give rise to this cause of action. The only material event which gave rise to this cause of action is a breach of contract between the Trust and Vinoy. A breach can only be committed in the venue which the breaching party, Vinoy, made its business decisions and where the funds were withheld. Hinc v. Lime-O-Sol Co., 231 F. Supp. 2d 795, 795 (N.D. Ill. 2002). Vinoy relocated its business headquarters to Phoenix, Arizona, in May of 2001, before the breach occurred on December 22, 2002. Therefore Phoenix, Arizona is where the business decisions were made at the time of the breach and the situs of the material events for the breach of contract. This factor does not give weight to either Illinois or Florida as the proper venue since the breach was committed in Phoenix, Arizona.

C. Ease of Access to Sources of Proof

Vinoy claims that all records pertaining to the Note are in Florida, while the Trust claims that the records are in Phoenix, Arizona, Tulsa, Oklahoma, and Chicago, Illinois. Both the Trust and Vinoy have attached affidavits attesting to the location of

the records; this Court is unable to make a determination as to the correct location of the pertinent records. Therefore, this factor does not weigh in favor or against transferring venue.

D.   Convenience of the Parties

The relevant facts do not weigh in favor of a transfer based on convenience of the parties. The Trust operates in Chicago, Illinois, although its president, C. Moore Tucker, is a Florida resident. C. Moore Tucker attends to business in Chicago and frequents this District. Vinoy no longer operates out of Florida. Rather, it conducts its business from Phoenix, Arizona. Thus, the Middle District of Florida does not seem to be very convenient for either party. This weighs in favor of the transferor court.

E.   Convenience of the Witnesses

"The party seeking transfer must clearly specify the key witnesses to be called and make a general statement of their testimony." Chemical Waste Management, Inc. v. Sims, 870 F. Supp. 870, 877 (N.D. Ill. 1994). A court does not look to which party has the longest witness list, but rather the nature and quality of the witnesses' testimony with respect to the case. Id. at 876. The only two witnesses Vinoy mentions as possible witnesses are the former secretary for Vinoy, who resides in Florida, and C. Moore Tucker, the president of the Trust, who resides in Florida. C. Moore Tucker has stated that he will be

6

available in Illinois for litigation, leaving the former secretary as the sole witness weighing in favor of transferring to the Middle District of Florida. This Court does not feel that defendants have met their burden to establish that "the transferee forum is *clearly more convenient* than the transferor forum" by listing one possible witness in the Middle District of Florida. Kennedy v. Miller, Johnson & Kuehn, Inc., 940 F. Supp. 207, 209 (N.D. Ill. 1996).

III. Interest of Justice

In addition to considering private interests of the parties and witnesses, this Court must also evaluate the interests of justice. These public interests include: (1) relation of the community to the issue in the litigation; (2) the court's familiarity with the applicable law; and (3) the relative docket congestion of the courts. Raddenbach, at *2.

Here it appears that there is no community with the strongest connection to the issue litigated. The issue is breach of contract--a contract which was formed in both Chicago, Illinois and St. Petersburg, Florida. Further, the breach was committed in Phoenix, Arizona, which militates against any advantage Chicago or St. Petersburg would provide.

Next, the Note specifies that Florida law shall control any claim brought by either party. This Court recognizes that the Middle District of Florida is more familiar with substantive

Florida law than the Northern District of Illinois. However, the issue before this Court is an issue involving contract law. Generally, contract law is not particularly complex. <u>Amoco v. Mobil</u>, 90 F. Supp. 2d 958, 962 (N.D. Ill. 2000). Also, Florida and Illinois have adopted the Uniform Commercial Code, making either forum able to aptly apply Florida contract law. This factor weighs in favor of neither transfer nor retention.

Finally, this Court looks to the docket congestion of both the Northern District of Illinois and the Middle District of Florida. The most recent statistics regarding judicial caseload indicate the Northern District of Illinois had 459 civil filings, with the median time from filing to disposition 5.5 months and from filing to trial 26 months. Meanwhile, the Middle District of Florida had 421 civil filings, with the median time from filing to disposition 10.4 months and from filing to trial 19.3 months. (Statistics Div., Admin. Office of the U.S. Courts, 2002 Fed. Ct. Mgmt. Stat. 101, 161 (2003)) Based on these statistics, a case may proceed to trial more quickly in the Middle District of Florida, but may be disposed of on motion more quickly in the Northern District of Illinois. These statistics do not weigh in favor of either the transferor or transferee court.

Vinoy has not established that transferring this case to the Middle District of Florida would serve either the convenience of the parties or the witnesses, much less the interests of justice.

Therefore, Vinoy has not met its burden of showing that this case should be transferred to the Middle District of Florida.

## Conclusion

For the reasons set forth above, Vinoy's motion to transfer venue is denied.

ENTER:

George M. Marovich
United States District Judge

DATED: Sept. 10, 2003