UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BETHINE W. ALBERDING ESTATE ADMINISTRATION TRUST, by C.T. Moore, as trustee, </br></br> Plaintiff, </br></br> v. </br></br> VINOY PARK HOTEL COMPANY, a Florida Corporation, </br></br> Defendant. | 03 C 1250 </br></br> Judge George M. Marovich |

## MEMORANDUM OPINION AND ORDER

Plaintiff the Bethine W. Alberding Estate Administration Trust (the "Trust")–by C.T. Moore, as trustee–filed single-count claim for breach of contract against the Vinoy Park Hotel Company ("Vinoy Park" or the "hotel").

Before the Court is plaintiff's motion for summary judgment. For the reasons set forth below, the Court grants plaintiff's motion for summary judgment as to liability.

### I. Background

The following facts are undisputed unless otherwise noted.[1]

---

[1] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces the rule strictly. Facts that are submitted but do not conform with the rule are not considered by the Court. For example, facts not included in a party's Statement of Material Facts or in a party's Statement of Additional Facts are not considered by the Court because to do so would rob other parties of the opportunity to show such facts are disputed. In this case, for example, facts either party included in its briefs but not in its Rule 56.1 statement of facts are not considered by the Court because the other party had no opportunity to controvert the facts. Furthermore, the Court will not comb the record searching for issues of fact (or the lack thereof). Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court. Similarly, where one party supports a fact with admissible evidence and the other party denies the fact without citation to

The plaintiff Trust is an Illinois Trust, of which C.T. Moore is the trustee. The Trust's principal place of business is Chicago, Illinois. Defendant Vinoy Park is a Florida corporation which has its principal place of business in Phoenix, Arizona. Vinoy Park's principal assets and operations consist of a hotel ground lease and apartment building in St. Petersburg, Florida.

As of December 22, 1997, C.T. Moore served as both the trustee of the plaintiff Trust and as President of defendant Vinoy Park. On December 22, 1997, Vinoy Park and the Trust executed an Installment Note (the "Note"), the principal amount of which was $2,654,258.10. Under the terms of the Note, Vinoy Park was to pay the Trust $20,600 each month until December 22, 2002, the date on which a final balloon payment was due. The Note provides, in relevant part:

> FOR VALUE RECEIVED, Vinoy Park Hotel Company ("Maker"), a Florida corporation, hereby promises to pay to the order of BETHINE W. ALBERDING ESTATE ADMINISTRATION TRUST ("Payee") the principal sum of Two Million Six Hundred Fifty Four Thousand Two Hundred Fifty Eight and 10/100 Dollars ($2,654,258.10), together with interest on the principal balance from time to time remaining unpaid after the date of this Note accruing at the rate of seven percent (7.0%) per annum.
>
> Installments of principal and interest in the amount of Twenty Thousand Six Hundred Dollars ($20,600.00) shall be paid on a monthly basis, with the first installment thereof due on the 22nd day of January, 1998 and succeeding installments due on the 22nd day of each month thereafter. The outstanding principal amount evidenced by this Note and all accrued interest thereon shall be paid in full on December 22, 2002.
>
> \* \* \*
>
> This Note shall be governed by the laws of the State of Florida.

(Note).

---

admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). The parties' failure to comply with Local Rule 56.1 explains the brevity of the background section in this opinion.

From January 1998 to November 2002, Vinoy Park made payments (the amount and frequency of which are unclear) to the Trust. For the years 1997 through 2002, Vinoy Park took a deduction on its federal income tax returns for the interest it paid on the Note. In addition, Vinoy Park listed the balance of the Note as a liability on it federal income tax returns for the years 1999 through 2002. Vinoy Park failed to make the final balloon payment on December 22, 2002.

On December 24, 2002, the Trust notified Vinoy Park in writing that payment was past due and required immediately. On February 19, 2003, the Trust filed the instant lawsuit.

## II. Summary Judgment Standards

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. Discussion

Plaintiff argues that the Note is an enforceable contract which defendant has breached. Defendant argues, by way of two affirmative defenses, that the contract is unenforceable due to a lack of consideration and fraud. When considering a state law claim pursuant to the Court's diversity jurisdiction, the Court applies federal procedural rules and state substantive law. *Anderson v. Griffin*, 397 F.3d 515, 520 (7th Cir. 2005). The duty of a federal court applying state

substantive law is "to predict what the state's highest court would do if presented with the identical issue." *Taco Bell Corp. v. Continental Casualty Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004). In this case, the parties agree that Florida law applies to plaintiff's breach of contract claim.

Before the Court addresses the merits of these arguments, the Court will address the argument plaintiff raised for the first time in its reply brief. Specifically, plaintiff argues that defendant is estopped from challenging the contract because defendant accepted the benefits of the bargain, made payments on the loan for years and has not tendered back the consideration for the contract. The Court deems this argument waived because it was not raised until the reply brief, which deprived defendant of the opportunity to present argument against plaintiff's new argument. *Hamilton v. Spraying Sys., Inc.*, Case No. 02 C 9093, 2004 WL 2191330 at *4 (N.D. Ill. Sept. 28, 2004).

As to plaintiff's breach of contract claim, under Florida law, the elements of plaintiff's claim are a valid contract, a material breach and damages. *J.J. Gumberg Co. v. Janis Services, Inc.*, 847 So.2d 1048, 1049 (Fla. Dist. Ct. App. 2003); *Collections, U.S.A., Inc. v. City of Homestead*, 816 So.2d 1225, 1227 n. 2 (Fla. Dist. Ct. App. 2002). It is undisputed that on December 22, 1997, the plaintiff and the defendant executed the Note. Under the plain terms of the Note, the defendant was required to pay to the plaintiff on December 22, 2002 "[t]he outstanding principal amount evidenced by this Note and all accrued interest thereon." It is undisputed that defendant failed to make the required December 22, 2002 payment. Such is a material breach that resulted in damages to the plaintiff. From these undisputed facts, it is clear, as a matter of law, that defendant breached the contract.

Defendant asserts two affirmative defenses to plaintiff's breach of contract claim. In order to survive summary judgment, defendant–who bears the burden of proof at trial on the affirmative defenses–must put forth sufficient evidence to create an issue of fact on the affirmative defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Springfield Oil Services, Inc. v. Mermelstein*, 914 F. Supp. 258, 264 (N.D. Ill. 1996).

As its first affirmative defense, defendant argues (with no citation to law) that the Note is not enforceable for lack of consideration. Under Florida law, a statement in a promissory note that the payment is to be made "for value received" (or other language indicating the existence of consideration) is sufficient to create a presumption that the promissory note is supported by consideration. *Lines v. Smith*, 4 Fla. 47 (Fla. 1851). Here, it is undisputed that the Note includes the words, "FOR VALUE RECEIVED." These words indicate that the contract was supported by consideration. Defendant puts forth no evidence in its statement of facts to suggest either that the parties did not agree to consideration or that plaintiff failed to supply the agreed-upon consideration. Accordingly, plaintiff has failed to put forth sufficient facts to create an issue of fact on its first affirmative defense, and plaintiff's lack of consideration affirmative defense fails as a matter of law.

As its second affirmative defense, defendant argues that fraud is a defense to the contract. Under Florida law, in order to establish fraud as a defense to a contract claim, a defendant must establish all elements of a fraud claim (including damages). *George Hunt, Inc. v. Wash-Bowl, Inc.*, 348 So.2d 910, 912 (Fla. Dist. Ct. App. 1977). The fraud on which defendant relies as a defense against the contract claim is constructive fraud. Under Florida law, a constructive fraud occurs "where a duty under a confidential or fiduciary relationship has been abused, or where an

unconscionable advantage has been taken." *Beers v. Beers*, 724 So.2d 109 (Fla. Dist. Ct. App. 1999).

Assuming, without deciding, that defendant's legal theory is valid, defendant has failed to put forth sufficient evidence to create an issue of fact on this affirmative defense. The only evidence in the record relevant to plaintiff's constructive fraud argument is the undisputed fact that C.T. Moore acted as both the trustee for the plaintiff Trust *and* as the President of the defendant hotel at the time the parties executed the Note. This does not suffice. *See Delaware v. Belin*, 456 So.2d 1237, 1241 (Fla. Dist. Ct. App. 1984) ("We have found no law . . . which prohibits an officer of a corporation whose controlling stock is held by a trust from being a trustee of that trust."). Such evidence might be enough to establish that Moore owed a fiduciary duty to one or both parties, but it does not establish a *breach* of any fiduciary duty. Absent from the record before the Court is any evidence of a *breach* of a fiduciary duty or any other evidence that would suggest that the fiduciary relationship was taken unconscionable advantage of or abused. Accordingly, defendant has failed to put forth sufficient evidence to create an issue of fact on its second affirmative defense, and plaintiff is entitled to judgment as a matter of law.

## IV. Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment as to liability. The Court sets a hearing date of June 1, 2005 at 11:00 a.m. for an evidentiary hearing on the issue of damages.

Should either party believe that there is no genuine issue of material fact as to the amount of damages, the Court hereby grants each party leave to file by April 22, 2005 a motion for summary judgment as to the amount of damages. (Such motion should comply with the

requirements of Local Rule 56.1 and should outline both the method of calculation for all damages (including prejudgment interest) and the legal authority supporting the award and calculation of damages.) The non-moving party's response is due May 6, 2005, and the moving party's reply is due May 18, 2005. In the event neither party files a motion for summary judgment as to damages, each party must file by May 25, 2005 a brief outlining its proposed calculation of all damages and the legal authority upon which its proposed calculation is based.

ENTER:

*/s/ George M. Marovich*
George M. Marovich
United States District Judge

DATED: March 24, 2005