UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BETHINE W. ALBERDING ESTATE ADMINISTRATION TRUST, by C.T. Moore, as trustee, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 03 C 1250 ) ) Judge George M. Marovich |
| VINOY PARK HOTEL COMPANY, a Florida Corporation, | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff the Bethine W. Alberding Estate Administration Trust (the "Trust")–by C.T. Moore, as trustee–filed single-count claim for breach of an installment note against the Vinoy Park Hotel Company ("Vinoy Park" or the "hotel"). On March 24, 2005, the Court signed a memorandum opinion and order granting summary judgment as to liability in favor of the plaintiff Trust. With the Court's permission, the plaintiff has since moved for summary judgment with respect to damages.

Before the Court considers the motion for summary judgment with respect to damages, it must consider two motions filed by defendant. Defendant believes that the plaintiff lacks standing due to events which occurred before the Court granted summary judgment as to liability to the plaintiff. On March 28, 2005 (i.e., before defendant learned of the Court's March 24, 2005 order), defendant filed a motion to dismiss on the grounds that the Trust no longer had standing to sue on the note. On April 6, 2005, defendant filed a motion to reconsider the Court's summary judgment ruling on the grounds that the Court lacked jurisdiction over the Trust's claim when it entered summary judgment in favor of the Trust.

## I. Background

The following facts–recited here for background–were found to be undisputed when the Court granted summary judgment to plaintiff as to liability. On December 22, 1997, Vinoy Park and the Trust executed an Installment Note (the "installment note"), the principal amount of which was $2,654,258.10. Under the terms of the installment note, Vinoy Park was to pay the Trust $20,600 each month until December 22, 2002, the date on which a final balloon payment was due. The Note provides, in relevant part:

> FOR VALUE RECEIVED, Vinoy Park Hotel Company ("Maker"), a Florida corporation, hereby promises to pay to the order of BETHINE W. ALBERDING ESTATE ADMINISTRATION TRUST ("Payee") the principal sum of Two Million Six Hundred Fifty Four Thousand Two Hundred Fifty Eight and 10/100 Dollars ($2,654,258.10), together with interest on the principal balance from time to time remaining unpaid after the date of this Note accruing at the rate of seven percent (7.0%) per annum.
>
> Installments of principal and interest in the amount of Twenty Thousand Six Hundred Dollars ($20,600.00) shall be paid on a monthly basis, with the first installment thereof due on the 22nd day of January, 1998 and succeeding installments due on the 22nd day of each month thereafter. The outstanding principal amount evidenced by this Note and all accrued interest thereon shall be paid in full on December 22, 2002.
>
> \* \* \*
>
> This Note shall be governed by the laws of the State of Florida.

(Installment Note). From January 1998 to November 2002, Vinoy Park made payments (the amount and frequency of which are unclear) to the Trust. Vinoy Park failed to make the final balloon payment on December 22, 2002.

## II. Defendant's motions to dismiss and to reconsider

Defendant argues in its motion to dismiss and its motion to reconsider that as of the time the Court granted summary judgment to plaintiff, plaintiff lacked standing to sue on the installment note. The exercise of the Court's judicial power under Article III of the Constitution

"depends on the existence of a case or controversy." *United States National Bank of Oregon v. Independent Ins. Agents of Amer., Inc.*, 508 U.S. 439, 446 (1993). Federal courts do not have the power to render advisory opinions. *Id.* Among other things required for a case or controversy, the plaintiff must have suffered an injury that is "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The Trust bears the burden of establishing jurisdiction "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

Defendant's argument that the plaintiff lacks standing is premised on a February 17, 2005 order (the "Cook County Order") from the Circuit Court of Cook County. The Court may take judicial notice of the Cook County Order. *See Opoka v. Immigration and Naturalization Service*, 94 F.3d 392, 394 (7th Cir. 1996). The Cook County Order states, in relevant part:

> The court directs that within five (5) days hereof the trustee of the Bethine W. Alberding 1989 Trust, the defendant C. Tucker Moore, shall pay over to the creditors of the Trust by pro rata assignment the one account receivable asset and the five notes receivable assets of the Trust by executing written assignments to each creditor of each creditor's pro rata share of the Trust assets . . .

(Cook County Order at ¶ 3). It is clear from an exhibit incorporated into the Cook County Order that the installment note at issue in this case is one of the five notes receivable referred to in ¶ 3 of the Cook County Order. It is undisputed that the Trust filed post-hearing motions in the Circuit Court of Cook County. It is also undisputed that the Trust has not yet complied with the order and has not yet assigned its interest in the installment note to the Trust's creditors.[1]

The relevant issue, however, is not standing but rather whether the Trust is the real party in interest. *See Frank v. Hadesman and Frank, Inc.*, 83 F.3d 158, 159 (7th Cir. 1996); *Koehler v.*

---

[1] Because the facts necessary to determine jurisdiction are undisputed, it is not necessary for the Court to hold an evidentiary hearing. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

*Nationsbank Corp.*, Case No. 96 C 2050, 1997 WL 112836 at * 1 (N.D. Ill. March 10, 1997). The undisputed facts (which were supported at the summary judgment stage by the manner of evidence required at that stage) establish a case or controversy and standing. It is undisputed that the defendant breached the terms of the installment note and that the Trust held the installment note as of the time of the breach. Accordingly, the facts establish a case or controversy and that the Trust suffered an injury in fact. The Court has jurisdiction over the case. The issues, then, are whether the Trust was the real party in interest (as required by Rule 17 of the Federal Rules of Civil Procedure) as of the time the Court entered summary judgment in the Trust's favor and whether the Trust remains a real party in interest today.

> Rule 17(a) of the Federal Rules of Civil Procedure provides:
>
> Every action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

(Fed. R. Civ. P. 17(a)). In a diversity case such as this one, the Court applies state substantive law to determine whether a party is the real party in interest. *American Nat'l Bank and Trust Co. of Chi. v. Weyerhaeuser Co.*, 692 F.2d 455, 459 (7th Cir. 1982). The real party in interest on a note is the holder or the assignee(s). *See Lawyers Title Ins. Co., Inc. v. Novastar Mortgage, Inc.*, 862 So.2d 793, 798 (Fla. Dist. Ct. App. 2003); *F.E. Booker v. Sarasota,* Inc., 707 So.2d 886, 889 (Fla. Dist. Ct. App. 1998).

It is undisputed that the Trust has not yet assigned its interest in the installment note to the Trust's creditors. Accordingly, the Trust was a real party in interest as of the time the Court granted summary judgment and remains a real party in interest to this date. Thus, the Court denies defendant's motion for reconsideration and its motion to dismiss. The Court also notes

that even if the Trust were no longer a real party in interest, it would not dismiss the suit until "a reasonable time ha[d] been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest[.]" *See* Fed. R. Civ. P. 17(a).

**III.   Plaintiff's motion for summary judgment with respect to damages**

Next, the Court considers plaintiff's motion for summary judgment with respect to damages. Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

The parties' submissions in connection with plaintiff's motion for summary judgment as to damages indicate that a material issue of fact prevents the Court from granting plaintiff's motion for summary judgment as to damages. Specifically, an issue of fact exists as to the outstanding principal on the loan, which, in turn, affects the calculation of interest. The Trust filed an affidavit stating that the outstanding principal is $2,324,006.55, while the defendant introduced evidence that the amount is $2,316,963.25. Accordingly, an issue of material fact exists, and the Court denies plaintiff's motion for summary judgment as to damages.

## IV. Conclusion

For the reasons set forth above, the Court denies defendant's motion to dismiss and its motion for reconsideration. The Court also denies plaintiff's motion for summary judgment as to damages. The Court refers this matter to the magistrate judge for an evidentiary hearing, report and recommendation as to damages.

ENTER:

*/s/ George M. Marovich*

George M. Marovich
United States District Judge

DATED: 07/20/2005